**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

AUGUST LAVERN WILLIAMS,

    Petitioner,                                 Civil No. 2:07-CV-15168
                                             HONORABLE LAWRENCE P. ZATKOFF
v.                                           UNITED STATES DISTRICT JUDGE

MILLICENT D. WARREN,

    Respondent,
_____/

**OPINION AND ORDER DENYING**
**THE PETITION FOR WRIT OF HABEAS CORPUS**

August Lavern Williams ("Petitioner"), presently confined at the Thumb Correctional Facility in Lapeer, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction for first-degree premeditated murder, M.C.L.A. 750.316; first-degree felony murder, M.C.L.A. 750.316; carjacking, M.C.L.A. 750.529a; conspiracy, M.C.L.A. 750.157a; felony-firearm, M.C.L.A.750.227b; and being a third felony habitual offender, M.CL.A. 769.11. For the reasons stated below, the petition for writ of habeas corpus is summarily denied.

**I. BACKGROUND**

Petitioner was convicted following a jury trial in the Saginaw County Circuit Court.[1] Petitioner's conviction was affirmed on appeal. *People v. Williams*, No. 2000 WL 33521055 (Mich. Ct. App. March 24, 2000); *lv. den.* 463 Mich. 902; 618 N.W.2d 91 (2000).

---

[1] Petitioner was also convicted of armed robbery, kidnapping, and first-degree criminal sexual conduct, but those convictions were vacated at sentencing.

1

Petitioner then filed a petition for writ of habeas corpus in the state courts, claiming a radical jurisdictional defect in his state court conviction. The petition for writ of habeas corpus was denied. *Williams v. McKee,* No. 06-M-25094-AH (Ionia County Circuit Court, November 28, 2006). Petitioner then filed an original habeas corpus action with the Michigan Court of Appeals, in which he again raised the same jurisdictional challenge to his conviction that he raised in his habeas petition in the Ionia County Circuit Court. The Michigan Court of Appeals denied petitioner's complaint for writ of habeas corpus. *Williams v. Dept. Of Corrections,* No. 275511 (Mich.Ct.App. May 4, 2007). Petitioner then attempted to file a petition for writ of habeas corpus in the Michigan Supreme Court, in which he again raised the same jurisdictional challenge that he had previously raised in his prior actions before the Ionia County Circuit Court and the Michigan Court of Appeals. The Michigan Supreme Court treated petitioner's petition as a discretionary application for leave to appeal from the Michigan Court of Appeals' denial of his habeas complaint and denied petitioner leave to appeal. *Williams v. Department of Corrections,* 479 Mich. 868; 735 N.W.2d 246 (2007).

Petitioner now seeks habeas relief on the following grounds:

I. Petitioner may exercise exhaustion of state remedies option articulated by this [the Michigan Supreme Court] court in *People v. Puertas.*

II. Petitioner is entitled to relief under the office of the writ of habeas corpus to address a radical jurisdictional defect in the criminal jurisdiction of a convicting court, under Michigan law, as a matter of due process and equal protection provisions of the 5th and 14th Amendments.

## II. DISCUSSION

The petition for writ of habeas corpus must be dismissed because petitioner has failed to allege any facts showing that he is being detained in violation of the United States Constitution.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action

under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F.Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *See McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *See Allen v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970). After undertaking the review required by Rule 4, this Court concludes that petitioner's habeas claims are meritless, such that the petition must be summarily denied. *See Robinson v. Jackson,* 366 F.Supp. 2d 524, 525 (E.D. Mich. 2005).

In his habeas application, petitioner contends that the Michigan Supreme Court erred in failing to treat his state habeas action before that court as an original action for a writ of habeas corpus, rather than as an application for leave to appeal the denial of his habeas complaint by the Michigan Court of Appeals. Petitioner claims that he has therefore been denied his right to file a state habeas corpus action pursuant to M.C.L.A. 600.4301, *et. seq.* In effect, petitioner claims that he has been denied the right to seek state post-conviction review of his conviction.

This Court notes that "[t]he Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer,* 484 F.3d 844, 853 (6th Cir. 2007). Thus, a federal habeas corpus petition cannot be used to mount a challenge to a state's scheme of post-conviction relief. *See Greer v. Mitchell,* 264 F.3d 663, 681 (6th Cir. 2001).

3

The reason for this is that the states have no constitutional obligation to provide post-conviction remedies. *Id.* (citing to *Pennsylvania v. Finley,* 481 U.S. 551, 557 (1987)). Challenges to state collateral post-conviction proceedings "cannot be brought under the federal habeas corpus provision, 28 U.S.C. § 2254," because "'the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody.'" *Kirby v. Dutton*, 794 F.2d 245, 246 (6th Cir. 1986) *(quoting Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "A due process claim related to collateral post-conviction proceedings, even if resolved in a petitioner's favor, would not 'result [in] ... release or a reduction in ... time to be served or in any other way affect his detention because we would not be reviewing any matter directly pertaining to his detention.'" *Cress,* 484 F.3d at 853 (*quoting Kirby*, 794 F.2d at 247). Thus, the "'scope of the writ'" does not encompass a "'second tier of complaints about deficiencies in state post-conviction proceedings.'" *Cress*, 484 F.3d at 853 (*quoting Kirby*, 794 F.2d at 248). "[T]he writ is not the proper means to challenge collateral matters as opposed to the underlying state conviction giving rise to the prisoner's incarceration." *Id.* (internal quotations omitted).

In the present case, petitioner was able to file a direct appeal from his conviction. The Due Process Clause of the federal constitution "does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction." *Abdullah v. Hedrick,* 392 F.3d 957, 963 (8th Cir. 2004); *See also United States v. Rivera,* 376 F.3d 86, 92 (2d Cir. 2004) ("A defendant has no due process right to continue to challenge his conviction in perpetuity").

Because petitioner's allegations involving the Michigan Supreme Court's improper denial of his state habeas petition fails to state a claim upon which habeas relief can be granted, the petition shall be summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases. *See, e.g.,*

4

*Spradley v. Dugger,* 825 F. 2d 1566, 1568 (11th Cir. 1987).

### III.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**  The Court declines to issue a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   The Court will also deny petitioner leave to appeal in forma pauperis, because the appeal would be frivolous. *Dell v. Straub,* 194 F. Supp.2d 629, 659 (E.D. Mich. 2002).

                        s/Lawrence P. Zatkoff
                        LAWRENCE P. ZATKOFF
                        UNITED STATES DISTRICT JUDGE

Dated:  December 12, 2007

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 12, 2007.

                        s/Marie E. Verlinde
                        Case Manager
                        (810) 984-3290